UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARSTEN DEMUTH, individually,   )
                                )
        Plaintiff,              )
                                )
                                )  Civil Action No. 3:22-cv-00489
vs.                             )
                                )
WILLIAM D. SHERMAN, individually, )
                                )
        Defendant.              )
                                )

## COMPLAINT

Plaintiff, CARSTEN DEMUTH, ("DEMUTH"), sues the Defendant, WILLIAM D. SHERMAN, ("Defendant"), and alleges the following:

## PARTIES

1. DEMUTH is an individual, residing in Duval County, Florida.

2. Defendant is an individual, who upon information and belief, is residing in Williamsburg, Virginia.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. DEMUTH's domicile is in Florida while Defendant's is in Virginia. Therefore, complete diversity of citizenship exists.

Case 3:22-cv-00489-MMH-PDB   Document 1   Filed 05/02/22   Page 2 of 6 PageID 2

4. The amount in controversy, including interest on the Promissory note, but exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Venue in the Middle District of Florida is proper as DEMUTH and Defendant have contractually agreed to venue in this Court pursuant to the Promissory Note at issue in this matter.

## GENERAL ALLEGATIONS

6. On August 8, 2017, Defendant executed a Promissory Note (the "Note") to DEMUTH in Jacksonville, Duval County, Florida for the sum of Sixty Thousand Dollars and 00/100 ($60,000.00). A true and correct copy of the Note is attached hereto as Exhibit "A."

7. In relevant part, Defendant promised to pay to DEMUTH "the principal sum of Sixty Thousand and 00/100 Dollars ($60,000.00), plus interest calculated at the rate of Two Percent (2%) per annum on such principal amount" payable on the Maturity Date of November 30, 2017 ("Maturity Date").

8. On November 24, 2017, Defendant executed and delivered a Membership Interest Exchange and Release Agreement (the "Agreement") to DEMUTH. A true and correct copy of the Agreement is attached hereto as Exhibit "B."

9. Upon the Maturity Date of the Note, Defendant had yet to make any payments towards the principal, nor did he "pay the entire balance of principal and all accrued and unpaid interest" as was required by the Note.

10. The Note states the following, in relevant part, as it relates to the consequences of default:

> (i) An event of default ("Event of Default") will occur if: (i) Maker fails to pay the entire balance of principal and all accrued and unpaid interest due hereunder on the Maturity Date…
>
> [I]f the Event of Default is one described in clauses (i), (iii), (iv), (v), (vi) or (vii) of this paragraph, then (a) all amounts due hereunder will bear interest from the date of the Event of Default until paid at a rate equal to ten percent (10%) per annum, and (b) all amounts due hereunder (inclusive of any accrued and unpaid interest) shall become immediately due and payable and Holder may avail himself of all rights and remedies available at law or in equity to enforce this Promissory Note.

11. In addition to the unpaid principal of the Note, Defendant owes DEMUTH at least an additional $25,531.32 in interest per the terms of the Promissory Note should the interest only be calculated from the Maturity Date.

12. Pursuant to Section 10, the forum selection clause included in the Note, venue is contractually proper in the United States District Court, Middle District of Florida.

13. All conditions precedent to bringing this action have been performed or have occurred.

14. DEMUTH is obligated to pay its attorneys a reasonable fee for its services in this action and the Defendant is obligated to pay said fee pursuant to the Note[1].

## COUNT I
### Action on a Promissory Note

15. DEMUTH realleges the allegations of paragraphs 1 through 14 above and incorporates same herein by reference.

16. DEMUTH owns and holds the Note.

17. Defendant failed to pay the agreed-upon amount due on the Note by the Maturity Date.

18. Defendant owes DEMUTH $85,531.32 that is due with interest on the Note.

WHEREFORE, Plaintiff, DEMUTH, demands judgment for damages against Defendant, together with prejudgment interest, attorney's fees, court costs, and for any other further relief as the Court deems just and proper.

## COUNT II
### Unjust Enrichment

19. DEMUTH incorporates herein the allegations or paragraphs 1 through 14 above and raises this cause of action in the alternative to Count I.

---

[1] The Note states, "in the event of an Event of Default, Maker agrees to pay reasonable attorneys' fees and sales and use taxes thereon, for making collection, including but not limited to, all fees, taxes and costs incident to any appellate, post-judgment, and bankruptcy proceedings that may result. Attorneys' fees includes paralegal fees, administrative costs, and all other charges whatsoever billed by counsel to the Holder."

20. DEMUTH furnished the principal amount to Defendant.

21. Defendant had knowledge of, accepted, used, enjoyed, and retained the benefits conferred from DEMUTH's provision of the funding.

22. DEMUTH was not providing the principal balance without expectation of payment with interest in return and Defendant knew and understood that fact.

23. Under the circumstances, it would be inequitable for Defendant to retain the benefit conferred by DEMUTH without paying for the same.

24. DEMUTH has no adequate remedy at law.

WHEREFORE, Plaintiff, DEMUTH demands judgment for damages against Defendant together with prejudgment interest, attorney's fees, court costs, and for any other further relief as the Court deems just and proper.

**COBB & GONZALEZ, P.A.**

By: _____
D. Brad Hughes
Florida Bar No. 0015367
bhughes@cobbgonzalez.com
Jessica A. Cappock, Esq.
Florida Bar No. 1028337
jcappock@cobbgonzalez.com
4655 Salisbury Road
Suite 200
Jacksonville, FL 32256
Telephone: (904) 822-8001
file@cobbgonzalez.com
*Attorneys for Plaintiff*

## NOTICE OF E-MAIL DESIGNATION

Plaintiff designates the following email addresses for service of court documents by electronic means in accordance with the Florida Rules of Judicial Administration:

D. Brad Hughes:            bhughes@cobbgonzalez.com (primary)
                                     mlohmann@cobbgonzalez.com (secondary)
                                     file@cobbgonzalez.com (secondary)

Jessica A. Cappock:         jcappock@cobbgonzalez.com (primary)
                                     jfields@cobbgonzalez.com (secondary)
                                     file@cobbgonzalez.com (secondary)